61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George E. CARTER, Plaintiff-Appellant,
v.
J. Michael QUINLAN; Gary Herman; Frank Nessmith; John
Patterson; James E. Jackson, Sr.; Larry
Chmidling; and n/f/n Fekete,
Defendants-Appellees.
 No. 95-3072.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Carter, a federal inmate, filed a civil suit against the director of the Bureau of Prisons, the Warden of the penitentiary where Mr. Carter was confined, and various prison officials. The trial court granted defendants' motion for summary judgment and found Mr. Carter's appeal was legally frivolous and refused to grant Mr. Carter permission to appeal in forma pauperis. Mr. Carter appeals these decisions.
 
 
 3
 In order to determine whether Mr. Carter may proceed in forma pauperis, we must first determine whether the issues raised are debatable by reasonable jurists. This determination in turn requires us to examine the merits. We therefore grant Mr. Carter permission to proceed in forma pauperis in order for us to examine the merits.
 
 
 4
 The gist of Mr. Carter's complaint was that he was denied a pay raise and was terminated from his inmate employment without a hearing. The gravamen of the evidentiary material submitted by defendants in support of their motion for summary judgment was that Mr. Carter was removed from his inmate employment because of various acts of insubordination.
 
 
 5
 The district court concluded that as Mr. Carter had no liberty or property interest in his inmate employment, he was entitled to no hearing. Summary judgment was then granted to defendants.
 
 
 6
 Mr. Carter appeals this decision asserting:(1) the trial court erred in that it failed to consider "established rules and regulations" which required a hearing; and (2) "the district court manifested a bias and prejudicial attitude toward plaintiff ... as evidenced by the not full records of the Federal Prison Industries to show that plaintiff was entitled to a due process hearing."
 
 
 7
 Mr. Carter bases his argument concerning the "established rules and regulations" on two claims. First, Mr. Carter asserts "the laws of the states," and second, the "established rules that it had adopted." We are not persuaded by these arguments. There exist no "laws of the states" that would give Mr. Carter a hearing concerning his federal prison employment. Mr. Carter has neither cited nor furnished to this court or the district court any federal rules and regulations extending to Mr. Carter a pre-termination hearing. An adverse decision by a trial court is not, by itself, evidence of bias by the judge.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470